```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
------------------------------------------------------------X DATE FILED: 9/28/15_____
                                                        :
DAMIAN LUNA, et al.,                                    :
                                Plaintiffs,             :
                                                        :     14 Civ. 3872 (LGS)
                -against-                               :
                                                        :     ORDER
DELLA NONA CORP. et al.,                                :
                                Defendants.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York labor laws.

WHEREAS, on August 14, 2015, Plaintiffs -- on behalf of the parties -- filed the proposed settlement agreement and a letter with attachments explaining why the Court should approve the settlement as fair and reasonable, proposing a total settlement fund to be paid by Defendants of $1.3 million and attorneys' fees and costs of $433,333.33 to be paid from the settlement fund.

WHEREAS, Plaintiffs have submitted a document that shows a lodestar amount of $63,770 for 164.45 hours, reflecting an average rate of approximately $388 per hour for five timekeepers, and costs of $650.

WHEREAS, on August 14, 2015, Defendants filed a letter objecting to the amount of attorneys' fees requested by Plaintiffs' counsel, and on August 19, 2015, Plaintiffs responded.

WHEREAS, by Order dated August 19, 2015, the settlement agreement was not approved in its current form and deficiencies were identified.

WHEREAS, on September 1, 2015, the parties filed a revised settlement agreement (the "Revised Settlement Agreement") addressing the deficiencies identified in the August 19 Order. It is hereby

**ORDERED** that the Revised Settlement Agreement is APPROVED as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).  It is further

**ORDERED** that Plaintiffs' counsel's request that it be awarded 33 percent of the settlement fund -- amounting to $433,333.33 -- as its reasonable fees and costs is DENIED. Plaintiffs' counsel is awarded 15 percent of the settlement fund -- amounting to **$195,000** -- as its reasonable fees and is awarded **$650** as its reasonable costs for a total of **$195,650**.

As an initial matter, this case involves individual settlements of thirty-seven Plaintiffs' claims rather than a Rule 23 class action settlement involving a common fund where attorneys' fees in this Circuit are typically based on a percentage of the settlement fund.  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (stating that "[t]he trend in this Circuit [in class action settlements] is toward the percentage method").  In individual cases, a court ordinarily would not be privy to the parties' contingency fee arrangement and would not be required to approve the settlement or the fees.  *Cf. Cheeks,* 796 F.3d at 201 (stating that "FLSA actions are an exception to Rule 41(a)(1)(A)(ii)'s general rule that parties may stipulate to the dismissal of an action without the involvement of the court").  In FLSA cases, however, courts are now required to review settlements.  *Id.*  "Where a proposed settlement of FLSA claims

includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336.

The amount awarded to Plaintiffs' counsel is fair and reasonable based on the factors set forth in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Given the collective nature of this action (although no motion for collective certification was sought), the approach from *In re Colgate–Palmolive Co. Erisa Litig.*, 36 F. Supp. 3d 344 (S.D.N.Y. 2014), is utilized here to determine the reasonable attorneys' fee to award. The first step is to establish a baseline or benchmark for a reasonable fee. Evidence of attorneys' fees in class actions involving employment law and settlements of a similar size provide some guidance, although Rule 23 class actions and FLSA collective actions are distinct. The data from empirical studies reflect an adjustment in fees that takes into account the magnitude and complexity of a case based on its subject matter, and the policy consideration of using a sliding scale that reduces the percentage of recoverable fees as the size of the common fund settlement grows. The empirical studies discussed in *Colgate* indicate that the median percentage of settlement awarded as attorneys' fees in employment class actions is between 25 percent and 29 percent. Mindful of the "unique policy considerations underlying the FLSA," *Cheeks*, 796 F.3d at 206, tempered by the reduced risk and complexity in a typical FLSA collective action as compared with an employment discrimination class action, a reasonable baseline fee for a case of this size is 20 percent.

The next steps of the analysis are to consider three additional *Goldberger* factors -- the risk of the litigation, the quality of the representation and any remaining policy considerations -- and to perform a lodestar cross-check to determine if the baseline percentage should be increased or decreased. *Goldberger*, 209 F.3d at 50. Several factors in this case suggest that a downward adjustment to 15 percent of the settlement fund is appropriate. First, this is a garden-variety

FLSA action where the parties agreed early on that Defendants had at least some liability.  A review of the parties' submissions and the time records submitted by Plaintiffs' counsel show that the parties undertook only limited discovery, including three depositions each lasting less than 90 minutes.

Second, FLSA seeks to "secure for the lowest paid segment of the nation's workers a subsistence wage." *Cheeks*, 796 F.3d at 202.  Here, the attorneys' fees awarded from the settlement fund would reduce Plaintiffs' recovery dollar for dollar.  Third, because of the collective nature of this action and the fact that multiple plaintiffs do not necessarily require multiples of work, *see Wal-Mart Stores*, 396 F.3d at 122, a reduction from the one-third contingency fee that is typically awarded in individual contingency fee actions is appropriate, *Pla v. Renaissance Equity Holdings LLC*, No. 12 Civ. 5268, 2014 WL 113721, at *2-3 (S.D.N.Y. 2014) (collecting cases).

Finally, awarding 15 percent of the settlement fund in attorneys' fees -- or $195,000 -- is a 3.1 multiplier from the purported lodestar submitted by Plaintiffs' counsel.  This multiplier is sufficient to compensate Plaintiffs' counsel for the risk of a contingency fee case, particularly since the purported lodestar amount appears high.  Among other things, the hourly rates requested by Plaintiffs' counsel are on the higher end of rates received for similarly-experienced attorneys in these types of cases in this District.  *See, e.g. Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13 Civ. 6653, 2015 WL 2250592, at *14 n.10 (S.D.N.Y. May 13, 2015) (finding $360 per hour was a reasonable rate for an attorney with over 16 years of experience); *Marquez v. Erenler, Inc.*, No. 12 Civ. 8580, 2014 WL 5847441, at *2-3 (S.D.N.Y. Nov. 10, 2014) (collecting cases and awarding a reduced amount of $400 per hour for Mr. Faillace, $300 per hour for Mr. Androphy and $200 per hour for associates with three to four years of experience).

In seeking a contrary result, Plaintiffs' counsel state that their contingency fee agreements with Plaintiffs permit them to recover 40 percent of the settlement fund but that they are seeking only one-third of the settlement fund. This argument is unpersuasive. First, Plaintiff's counsel do not provide the retainer agreements to substantiate their assertion. Second, regardless of the private agreement between Plaintiffs and their attorneys, "reliance on a retainer agreement is insufficient" by itself to establish the reasonableness of proposed attorneys' fees for FLSA settlements. *Pena v. San Miguel Transp., Inc.*, No. 14 Civ. 1463, 2015 WL 1938144, at *2 (S.D.N.Y. Apr. 7, 2015); *cf Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer.").

For all of these reasons, Plaintiffs' counsel is awarded **$195,650** from the settlement fund as its reasonable attorneys' fees and costs.

The Clerk of Court is directed to close this

case.  Dated: September 28, 2015
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE